UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORRIS BART, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 21-1771 |
| SLOCUMB LAW FIRM, LLC, ET AL. | SECTION: "A" (2) |

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 23)** filed by Defendant, Michael W. Slocumb, and a **Motion for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 27)** filed by Plaintiffs, Morris Bart, LLC and Morris Bart (hereinafter collectively "Bart"). Both motions are opposed. The motions, submitted for consideration on June 22, 2022, are before the Court on the briefs without oral argument.

### I.    Background

Bart has brought this Lanham Act trademark infringement action, which includes related state law claims, against the Slocumb Law Firm, LLC ("the Slocumb Firm") and Michael W. Slocumb, individually (hereinafter "Slocumb"). The motions currently under consideration pertain only to the claims against Slocumb.

Bart is one of the largest personal injury law firms in the gulf region, operating in cities throughout Louisiana, Mississippi, Alabama, and Arkansas. The Slocumb Firm is based in Auburn, Alabama, and it competes with Bart for personal injury clients, including in the New Orleans area where the Slocumb Firm maintains an office. Bart's

complaint is that the Slocumb Firm is using Bart's registered trademarks to intentionally deceive and confuse potential clients who are searching specifically for Bart on the internet. The Slocumb Firm allegedly buys keyword advertising that incorporates Bart's registered marks. Then when a Google search is initiated by a user the results will include the Slocumb Firm's sponsored advertising of confusingly similar or generic legal services. For Google searches initiated by users on mobile devices, the Slocumb Firm's advertising returns a "click-to-call" ad such that the resultant link when clicked initiates a phone call to a predetermined number directed to the advertiser.

Bart's Original Complaint includes counts under the Lanham Act, Louisiana and common law trademark infringement, the Louisiana Unfair Trade Practices Act, misappropriation of name or likeness, misappropriation of business opportunity, tortious inference with business opportunity, and unjust enrichment.

On May 26, 2022, the Court granted in part and denied in part a motion to dismiss filed by the Slocumb Firm. (Rec .Doc. 40, Order and Reasons). The claims from Bart's lengthy Original Complaint that survived the motion to dismiss are the Lanham Act counts, the state law trademark infringement claim, the LUTPA claim, and the misappropriation of business opportunity claim. (*Id.*).

Slocumb was not a movant on the motion to dismiss.[1] Instead, Slocumb filed the

---

[1] As the Court pointed out, however, to the extent that the Slocumb Firm's motion to dismiss was granted for failure to state a claim, that ruling would inure to the benefit of Slocumb because the factual allegations in Bart's Original Complaint do not differentiate between the two defendants. (Order and Reasons at 1 n.1). Because the motion to dismiss was filed on behalf of the Slocumb Firm only, the legal question of whether an individual like Slocumb is a proper defendant on the various causes of action was not raised.

instant motion to dismiss for lack of personal jurisdiction. Bart responded with the instant motion for leave to conduct jurisdictional discovery. The Court sua sponte stayed the motions until after it ruled on the Slocumb Firm's motion to dismiss. (Rec. Doc. 33, Order).

Slocumb argues in his motion to dismiss that he does not have the necessary contacts with Louisiana to establish general or "all-purpose" jurisdiction because he is not a domiciliary of Louisiana. As for specific or "case-linked" jurisdiction, Slocumb argues that any contacts that he did have with Louisiana giving rise to Bart's claims would have been taken purely in his capacity as the founder and sole member of the Slocumb Firm, and therefore do not subject him to personal jurisdiction in Louisiana.

Bart argues in his motion (and opposition) that he should be allowed to conduct jurisdictional discovery, the fruits of which may very well support a finding of general personal jurisdiction as well as a finding of specific personal jurisdiction. Bart argues that it would be premature for the Court to consider Slocumb's motion to dismiss in the absence of some jurisdictional discovery.

The plaintiff bears the burden of establishing personal jurisdiction over the defendant, which includes pleading a prima facie case for personal jurisdiction in the forum state. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Felch v. Transportes Lar-Mex S.A. De CV*, 92 F.3d 320, 326 (5th Cir. 1996)). The plaintiff likewise bears the burden of demonstrating the necessity of jurisdictional discovery. *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citing *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). A plaintiff is not entitled to

jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a [motion to dismiss]." *Id.* (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). And discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises an issue of fact. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citing *Wyatt v, Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). The decision whether jurisdictional discovery should be allowed lies within the trial court's discretion. *See Wyatt*, 686 F.2d at 283-84.

Slocumb has provided a declaration stating that he is a resident of Florida. (Rec. Doc. 23-2, Slocumb decl. ¶ 4). He owns no real property in Louisiana. (*Id.* ¶ 8). Slocumb is not licensed to practice law in Louisiana and he has never been admitted pro hac vice in any Louisiana court, state or federal. (*Id.* ¶ 7). He declares that he does not have a physical presence in Louisiana. (*Id.* ¶ 5).

Given that Slocumb is not domiciled in Louisiana, and crediting the statements made in Slocumb's declaration, the Court is persuaded that Slocumb lacks the required "continuous and systematic" contacts necessary to support general personal jurisdiction in Louisiana, and that no amount of discovery is going to overcome that conclusion. For an individual like Slocumb, the Supreme Court continues to focus on the state of domicile when assessing general jurisdiction, in the same manner that it looks to the place of incorporation and principal place of business for a corporation. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S.

Ct. 1773, 1780 (2017) (citing *Daimler AG*, 134 S. Ct. at 760). Bart correctly notes in his memorandum in support that specific jurisdiction is likely the most applicable type of personal jurisdiction in this case, but he is reluctant to abandon the possibility of discovery revealing grounds for general jurisdiction. (Rec. Doc. 27-1, Memo in Support at 2 n.1). The "facts" that Bart suggests that he might discover are that Slocumb personally signed and guaranteed the commercial lease for his firm's New Orleans office, and participated in the office's business operations on a regular basis. But even if these facts were discovered, they would be insufficient to establish general jurisdiction in Louisiana for the non-resident Slocumb, which in light of the Supreme Court's more recent jurisprudence, is exceedingly difficult to establish. *See Monkton*, 768 F.3d at 432. Slocumb is not subject to general personal jurisdiction in Louisiana and the request for leave to conduct discovery to try to establish it is denied.

It is beyond dispute that Bart's Original Complaint does not allege facts to establish a prima facie case of specific personal jurisdiction over the non-resident Slocumb. The Court has previously observed that Bart's factual allegations do not differentiate between Slocumb and the Slocumb Law Firm, the reason being that Bart does not know what Slocumb did or did not do with respect to the infringing and tortious activity being alleged against his law firm. For this reason Slocumb characterizes Bart's request for jurisdictional discovery as a fishing expedition, and in some respects it is, but that does not render it ipso facto illegitimate.

Slocumb complains that Bart's actions are an attempt to deprive him of the protections afforded by the fiduciary shield doctrine. Citing a non-binding district court

decision grounded on Texas law, *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664 (S.D. Tex. 2014), Slocumb goes so far as to assert that the fiduciary shield doctrine bars this Court from exercising personal jurisdiction over Slocumb.[2] (Rec. Doc. 23-1, Memo in Support at 4).

      The fiduciary shield doctrine protects an officer of a corporation in his individual capacity from personal jurisdiction when he acts on behalf of his corporation. *Evergreen Media*, 68 F. Supp. 3d at 678. In *Southeast Wireless Network, Inc. v. U.S. Telemetry Corp.*, 954 So. 2d 120 (La. 2007), although the court considered the doctrine when finding that a non-resident corporate director *was* in fact subject to personal jurisdiction in Louisiana, Justice Kimball pointed out in her concurrence that the Louisiana Supreme Court had never actually adopted the doctrine in this state. *Id.* at 129 (Kimball, J., concurring). Certainly, insofar as the federal claims in this case are concerned, Slocumb points to no decision where the United States Supreme Court has adopted the doctrine, and in his references to the doctrine he does not state whether he believes that it applies to the federal claims or the state law claims or both. Assuming that as a matter of law the doctrine can apply to the federal claims or the state law claims or both, the Court is certainly in no position, in the absence of the discovery that Bart seeks, to determine whether it would preclude the exercise of personal jurisdiction in this case.

---

[2] The Slocumb Firm made a similar error in its earlier motion to dismiss by citing a Fifth Circuit case based on Texas law in support of an issue in this case governed by Louisiana law. (Rec. Doc. 40, Order and Reasons at 10). The Texas case that Slocum relies upon for his fiduciary shield doctrine argument, as well as the cases cited, were diversity cases and hence the analysis of Texas state law.

Furthermore, this case does not involve claims against an individual principal of a large corporation but rather claims against the key principal of his LLC. It is unclear even to the Court who could have been, other than Slocumb himself, directing the allegedly infringing and tortious activities of his eponymous law firm. If it turns out to be Slocumb, then he might very well be subject to personal jurisdiction in Louisiana, the fiduciary shield doctrine notwithstanding.

That said, the Court is persuaded that Bart should be allowed to conduct jurisdictional discovery before the Court takes up Slocumb's challenge to personal jurisdiction in Louisiana. Slocumb complains that Bart has not articulated exactly what he expects to discover and he has offered no parameters to ensure that the requested jurisdictional discovery would go to the issue of Slocumb's specific personal jurisdiction and not to the merits. Slocumb must understand that for specific personal jurisdiction, which is "case linked jurisdiction," jurisdictional discovery is going to be inextricably intertwined with the merits of the case. Therefore, the Court expects Slocumb to refrain from asserting legally frivolous objections to the discovery that Bart is going to propound. In a similar fashion, the Court expects Bart to refrain from seeking discovery that is not case-linked that would go to general personal jurisdiction, which the Court has already rejected.

In sum, as explained above, the Court denies Slocumb's motion to dismiss, but without prejudice as to the personal jurisdiction defense, and grants Bart's motion for leave to conduct jurisdictional discovery, which may include discovery touching on the merits.

Accordingly;

IT IS ORDERED that the **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 23)** filed by Defendant, Michael W. Slocumb, is **DENIED**.

IT IS FURTHER ORDERED that the **Motion for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 27)** filed by Plaintiffs, Morris Bart, LLC and Morris Bart, is **GRANTED** as explained above.

July 11, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE